UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLOTTE ALVARADO, JAMIE
DUHRKOFF, KANDI WILSON, and
NAOMI OFFIELD, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiffs,

v.                                                                    Case No.: 6:15-cv-1420-PGB-KRS

ROBO ENTERPRISES, INC., a Florida                JURY TRIAL DEMANDED
Corporation, and CHARLES JULIAN,
individually,

      Defendants.
_____/

## DEFENDANTS', ROBO ENTERPRISES, INC., A FLORIDA CORPORATION, AND CHARLES JULIAN, INDIVIDUALLY, MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS THE PROCEEDINGS, AND TO STAY DISCOVERY PENDING DETERMINATION OF THE MOTION

Defendants, ROBO ENTERPRISES, INC., a Florida Corporation, and CHARLES JULIAN, individually, by and through the undersigned counsel, and pursuant to Local Rule 3.01, and Rules 12(b)(1), (2), (3), (6) and (7) and of the Federal Rules of Civil Procedure ("FRCP"), and pursuant to Sections 2 and 4 of the Federal Arbitration Act ("FAA"), and 28 U.S.C. § 1367(c), hereby move this Honorable Court to stay or dismiss this action (the "Complaint," ECF No. 1) filed by Plaintiffs, by Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson, Naomi Offield, ("Plaintiffs"), as well as the Plaintiffs whom have "joined" this action: Janice Rodriguez, Adrianna Arriaga, Jennifer Scott, Courtney Crebs and, on a different basis, Brittany Antonowicz, and to dismiss or stay the proceedings, to dismiss the Complaint for lack of subject matter jurisdiction, and to stay discovery pending determination of this motion, and in support thereof state as follows:

1. On August 31, 2015, Plaintiffs filed a Complaint against the Defendants alleging various violations of Federal and State minimum wage laws. (Doc. 1).

2. This action names "ROBO ENTERPRISES, INC., a Florida Corporation, and CHARLES JULIAN, individually," as Defendants.

3. This case involves a "Class/Collective Action Complaint" filed by Plaintiffs, by Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson, Naomi Offield, ("Plaintiffs"), as well as the Plaintiffs whom have "joined" this action: Janice Rodriguez, Adrianna Arriaga, Jennifer Scott, Courtney Crebs ("Performer Plaintiffs") and, on a different basis, Brittany Antonowicz.

4. The Complaint asserts, Count I, Violation of 29 U.S.C. Sec. 207 (unpaid "overtime"); Count II, Violation of 29 U.S.C. Sec. 206 (unpaid "work hours"); Count III, Violation of Article X, Section 24 of the Florida Constitution (unpaid "minimum wage" under state law); and "FLSA Collective Action Allegations," as well as "Florida Class Action Allegations," followed by a jury demand and a Prayer for Relief.

5. The Defendants categorically deny all allegations in the complaint, including those regarding the character of the business relationship that performers have with Defendants, however, the facts and allegations set forth in the Complaint, as it pertains to *all* named Plaintiffs, is subject to the enforcement of agreements executed by all Plaintiffs, copies of which are attached hereto, which require that the Court compel arbitration for all Plaintiffs, in accordance with the terms of the "Performer License and Temporary Space Lease Agreement" (the "Agreements").

6. Attached hereto are copies of the Agreements that all Plaintiffs have executed with the

Defendants, all of which contain an arbitration clause. The Plaintiffs' Agreements, attached hereto and incorporated herein, include those signed by all "Performer Plaintiffs."

7.  Alvarado, a Florida resident (ECF No. 1, ¶ 13), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated November 23, 2013 (the "Agreement," Exhibit "A"). The Agreement contains, in paragraph 1, a clear "ARBITRATION," section, which Alvarado signed and dated, containing the parties' explicit agreement that, "… any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association…" (See Exhibit "A," pp. 6-7). The Agreement also includes in its "ARBITRATION," section, and an explicit waiver of class action lawsuits:

> "Performer understands and acknowledges that by signing this agreement he/she specifically waives any right to participate in any class Action or collective action and if at any time performer is deemed a member of any such class created by any court in any proceeding, he/she will "opt out" of such class at the first opportunity, and should any third party pursue any claims on his/her behalf performer shall waive his/her rights to any such monetary recovery." (See Exhibit "A," p. 7).

8.  Duhrkoff, a Florida resident (ECF No. 1, ¶ 14), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated March 28, 2013 (the "Agreement," Exhibit "B"). The Agreement contains, in paragraph 1, the same "ARBITRATION," section, which Duhrkoff signed and dated, containing the parties' explicit agreement that, "… any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association…" (See Exhibit "B," pp. 6-7). The Agreement also includes the same "ARBITRATION," section, and an explicit waiver of class action lawsuits:

> "Performer understands and acknowledges that by signing this agreement

he/she specifically waives any right to participate in any class Action or collective action and if at any time performer is deemed a member of any such class created by any court in any proceeding, he/she will "opt out" of such class at the first opportunity, and should any third party pursue any claims on his/her behalf performer shall waive his/her rights to any such monetary recovery." (See Exhibit "B," p. 7).

9. Wilson, a Florida resident (ECF No. 1, ¶ 15), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated April 4, 2014, (the "Agreement," Exhibit "C"). The Agreement contains the same "ARBITRATION," section, which Wilson signed and dated, containing the parties' explicit agreement that, "… any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association…" (See Exhibit "C," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "C," p. 7).

10. Offield, a Florida resident (ECF No. 1, ¶ 16), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated October 7, 2013 (the "Agreement," Exhibit "D"). The Agreement contains the same "ARBITRATION," section, which Wilson signed and dated, containing the parties' explicit agreement that, "… any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association…" (See Exhibit "D," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "D," p. 7).

11. The newly added Plaintiffs also have the same exact documentation. Janice Rodriguez (ECF No. 13), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated October 28, 2014 (the

"Agreement," Exhibit "E"). The Agreement contains the same "ARBITRATION," section, which Rodriguez signed and dated, containing the parties' explicit agreement that, "... any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association..." (See Exhibit "E," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "E," p. 7).

12. Adrianna Arriaga (ECF No. 14), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated January 14, 2014 (the "Agreement," Exhibit "F"). The Agreement contains the same "ARBITRATION," section, which Arriaga signed and dated, containing the parties' explicit agreement that, "... any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association..." (See Exhibit "F," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "F," p. 7).

13. Jennifer Scott (ECF No. 15), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated April 16, 2013 (the "Agreement," Exhibit "G"). The Agreement contains the same "ARBITRATION," section, which Scott signed and dated, containing the parties' explicit agreement that, "... any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association..." (See Exhibit "G," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "G," p. 7).

14. Courtney Crebs (ECF No. 16), is an adult entertainer who entered into a Performer License and Temporary Space Lease Agreement with Bare Assets dated April 16, 2013

(the "Agreement," Exhibit "H"). The Agreement contains the same "ARBITRATION," section, which Crebs signed and dated, containing the parties' explicit agreement that, "… any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association…" (See Exhibit "H," pp. 6-7). The Agreement also includes the same explicit waiver of class action lawsuits (See Exhibit "H," p. 7). Exclusive of the Plaintiff discussed below, those Plaintiffs discussed in Exhibits "A" through "H," will be referred to as "Performer Plaintiffs."

15. The only different "party" is Brittany Antonowicz (ECF No. 12). Ms. Antonowicz, not a "Performer Plaintiff," was hired as a bartender, filled out all of the employee documents and was paid as an hourly tipped employee. See composite Exhibit "I." As an hourly tipped employee, Ms. Antonowicz has no claim even remotely similar to the other Plaintiffs, and should be dismissed for failure to be representative of any "class" identified in the operative Complaint. Ms. Antonowicz even executed a document entitled "Employment Verification" to lease an apartment. This document (Exhibit "I," p.1) alone shows: 1) she was paid hourly and has no claim similar to any other Plaintiff; and 2) she affirms that she worked an average of 30 hours per week. At no point in time did Ms. Antonowicz perform services for any period of time in excess of 40 hours per week, under any circumstances.

16. Given the clear and unambiguous language of Exhibits "A through H," and the specific agreement to refer any "disputes" to arbitration through a clear and unambiguous arbitration agreement, and also agreeing to "waive all rights to participate in any class action or collective action," this Court is simply not the right forum for Plaintiffs' Fair Labor Standards Act ("FLSA") and/or state law claims.

17. Pursuant to the FAA, and the points and authorities set forth in the contemporaneously filed Memorandum of Law, it is respectfully submitted that arbitration must be compelled in order to properly honor the full force and effect of Plaintiff's Agreements, as attached hereto. Additionally, the Agreement contains an integration clause, which makes the applicability of the referral of "any" dispute to arbitration retroactive, by agreement of the parties:

> "This agreement replaces any prior agreement between the parties, and since this agreement is the most accurate description of the nature of the relationship of the parties, and represents what the "meeting of the minds" should have been when the parties established their relationship, the terms and conditions herein are deemed effective from the date of any prior agreement between the parties, should one exist." See Exhibits "A" through "H" to the Motion, p. 3.

18. The Agreements specifically state that all claims in connection with Plaintiffs' relationship, specifically, "any disputes" with Bare Assets shall be subject to arbitration, as manifest in paragraph 16. As established in the integration clause, superseding "all other agreements," *all* matters of which the Plaintiffs complain would be subject to referral to arbitration, regardless of whether they arose prior to the actual date of the agreement, based on the integration clause, including any argument that the above Agreements refer to the "incorporation of Performer relationship Selection Agreement," (See Exhibits "A" through "H," p. 1) which was not used prior to the review and execution of the subject agreements.

19. Also, pursuant to paragraph 17 of every Agreement, there is a "severability" clause, accepted by every performer: "*If any provision of this Agreement or the application thereof to any person or circumstance shall, for any reason and to the extent, be invalid or unenforceable, the remainder of this Agreement and the application of such provision*

*to the other person or circumstance shall not be affected thereby, but rather shall be*

*enforced to the greatest extent permitted by law."* (See Exhibits "A" through "H," p. 4).

20. Pursuant to the Agreements, paragraph 16, states as follows:

    16. <u>ARBITRATION.</u>

<u>The parties agree that this Agreement is subject to binding arbitration</u> pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association, <u>Florida</u> branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 16. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this Agreement. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be BREVARD COUNTY, FLORIDA. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 16 in which event the provisions of this Section 16 shall control.

<u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u> ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. <u>THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA.</u> FOR ANY CLAIMS OF THE PERFORMER BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE

VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.
<u>PERFORMER UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME PERFORMER IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, HE/SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HIS/HER BEHALF PERFORMER SHALL WAIVE HIS/HER RIGHTS TO ANY SUCH MONETARY RECOVERY.</u>

21. Pursuant to the Federal Arbitration Act ("FAA")

"[a] written provision in any...contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract... or agreement in writing to submit to arbitration an existing controversy arising out of such a contract... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

22. If an action is filed in federal court involving an issue that is subject to an agreement for arbitration, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In the present case, Plaintiffs agreed to binding arbitration, which requires either a stay, or, in the alternative, a dismissal of this action.

23. The arbitration clause in this case is clearly applicable to any of the causes of action brought in connection with any aspect of the relationship between Plaintiffs and Defendants, thus the Defendants' requested relief is appropriate.

24. As it pertains to this Court's jurisdiction over the state law claims, Pursuant to 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if — (1) the claim raises a novel or complex issue of State law, ... [or] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

25. It is respectfully submitted that the state law claims are also subject to arbitration. See *Alexander v. Minton*, 855 So.2d 94 (2003).

26. Based on the foregoing and the points and authorities set forth in greater detail in the Memorandum of Law filed in support of this Motion, Defendants request the relief specified herein.

**WHEREFORE** the Defendants, by and through their undersigned counsel, respectfully request that this Court stay, or in the alternative, dismiss the Plaintiff's Complaint, issue an Order compelling Arbitration in accordance with the Agreement between the parties, and grant such other and further relief as this Court deems appropriate.

## CERTIFICATION UNDER LOCAL RULE 3.01

In accordance with Local Rule 3.01, opposing counsel has been advised of the relief requested in this Motion to Compel Arbitration and Stay or Dismiss the Proceedings, and to Stay Discovery Pending Determination of the Motion, and opposing counsel oppose the relief requested herein.

Dated: <u>October 6, 2015</u>                     Respectfully Submitted,

<u>/s/ Luke Lirot</u>
Luke Lirot, Esq.
Florida Bar Number 714836 LUKE
CHARLES LIROT, P.A. 2240 Belleair
Road, Suite 190 Clearwater, Florida
33764 Telephone: (727) 536-2100
Facsimile: (727) 536-2110 *Attorney
for the Defendants*
<u>luke2@lirotlaw.com (primary e-mail)</u>
<u>jimmy@lirotlaw.com (secondary e-mail) krista@lirotlaw.com (secondary e-mail)</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

/s/Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836