

2320 First Street
Suite 1000
Fort Myers, FL 33901
DIRECT DIAL 239.338.4218
PHONE 239.337.3850 FAX 239.337.0970
jmorgan@ralaw.com

WWW.RALAW.COM

August 4, 2015

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Mr. Charles Julian
President
Robo Enterprises, Inc.
d/b/a Bare Assets Adult Entertainment Club
4020 West New Haven Avenue
Melbourne, Florida 32904

Mr. Charles Julian
Registered Agent for
Robo Enterprises, Inc.
4020 West New Haven Avenue
Melbourne, Florida 32904

      Re: Notice Pursuant to Florida Statute § 448.110(6): Class
        Action claims for minimum wages under Article X,
        Section 24 of the Florida Constitution

Dear Sirs:

  This firm currently represents Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson, Naomi Offield and a punitive class of all dancers/entertainers who worked for you and your nightclub, Robo Enterprises, Inc. d/b/a Bare Assets Adult Entertainment Club (hereinafter "Bare Assets"), since August 3, 2010, who are seeking unpaid minimum wages under Article X, Section 24 of the Florida Constitution. Please accept this correspondence as Notice pursuant to Florida Statute § 448.110(6) regarding amounts due and owing such dancers, in the amount of approximately $2,863,785.00.

  Although our primary clients are Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson and Naomi Offield, the issue they have with you—unpaid minimum wage—is a common issue with respect to dancers and entertainers who worked for you during the time period referenced above (collectively "dancers"). Thus, Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson and Naomi Offield seek to represent a class composed of all dancers and entertainers employed by you

**EXHIBIT _E_**



ROETZEL & ANDRESS
A LEGAL PROFESSIONAL ASSOCIATION
9633852_1

CHICAGO · WASHINGTON, D.C. · CLEVELAND · TOLEDO · AKRON · COLUMBUS · CINCINNATI
ORLANDO · FORT MYERS · NAPLES · FORT LAUDERDALE · TALLAHASSEE · NEW YORK

Page 2

within the last five years as a class action pursuant to Florida Rule of Civil Procedure 1.220, Rule 23 of the Federal Rules of Civil Procedure and as endorsed by Article X, Section 24(e) of the Florida Constitution.

Each of these dancers allege they were not paid proper minimum wages pursuant to Article X, Section 24 of the Florida Constitution because Bare Assets, based on my review, failed to pay its dancers minimum wage for all hours worked. As such Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson and Naomi Offield have a claim for unpaid wages under the Federal Fair Labor Standards Act and Florida Statute §448.110, et seq. (the Florida Minimum Wage Act). Specifically, throughout the last 5 years, Bare Assets has maintained a policy common to all of its dancers and entertainers, whereby it appears that your company failed to pay its dancers and entertainers minimum wages for all hours worked.

Based on our investigation and information from our clients, Bare Assets employs approximately 60 dancers at any given time. Accounting for the turnover within the last five years we believe there are approximately 400 dancers within the punitive class, all of whom are entitled to repayment of the tip credit impermissibly taken as described above.

In absence of actual paychecks and timesheets, Charlotte Alvarado, Jamie Duhrkoff, Kandi Wilson and Naomi Offield estimate the following work dates, hours and alleged unpaid wages for which payment is sought regarding their claims:

**Charlotte Alvarado:**

October 1, 2013 to December 31, 2013: 24 hours per week x $7.79 (Florida Minimum Wage) = $186.96 per week x 12 weeks worked = $2,243.52

January 1, 2014 to December 31, 2014: 24 hours per week x $7.93 (Florida Minimum Wage)= $190.32 owed per week x 52 weeks worked= $9,896.64

Unpaid wages sought for Charlotte Alvarado: $12,140.16

**Naomi Offield**:

November 1, 2013 to December 31, 2013: 35 hours per week x $7.79 (Florida Minimum Wage) = $272.65 owed per week x 8 weeks worked= $2,181.20.

January 1, 2014 to December 31, 2014: 35 hours per week x $7.93 (Florida Minimum Wage)= $277.55 owed per week x 52 weeks worked= $14,432.60

Unpaid wages sought for Naomi Offield: $16,613.80

**Jamie Duhrkoff:**

August 3, 2010 to December 31, 2010: 30 hours per week x $7.25 (Florida Minimum Wage) = $217.50 owed per week x 20 weeks worked= $4,350.00.

January 1, 2011 to May 31, 2011: 30 hours per week x $7.25 (Florida Minimum Wage) = $217.50 owed per week x 21 weeks worked= $4,567.50.

June 1, 2011 to December 31, 2011: 30 hours per week x $7.31 (Florida Minimum Wage) = $219.30 owed per week x 31 weeks worked= $6,798.30.

January 1, 2012 to December 31, 2012: 30 hours per week x $7.67 (Florida Minimum Wage) = $230.10 owed per week x 52 weeks worked= $11,965.20.

January 1, 2013 to December 31, 2013: 30 hours per week x $7.79 (Florida Minimum Wage) = $233.70 owed per week x 52 weeks worked= $12,152.40.

January 1, 2014 to December 31, 2014: 30 hours per week x $7.93 (Florida Minimum Wage)= $237.90 owed per week x 52 weeks worked= $12,370.80.

Unpaid wages sought for Jamie Duhrkoff: $52,204.20

**Kandi Wilson:**

March 1, 2011 to May 31, 2011: 18 hours per week x $7.25 (Florida Minimum Wage) = $130.50 owed per week x 12 weeks worked= $1,566.00

January 1, 2011 to May 31, 2011: 18 hours per week x $7.25 (Florida Minimum Wage) = $130.50 owed per week x 21 weeks worked= $2,740.50.

June 1, 2011 to December 31, 2011: 18 hours per week x $7.31 (Florida Minimum Wage) = $131.58 owed per week x 31 weeks worked= $4,078.98.

January 1, 2012 to December 31, 2012: 18 hours per week x $7.67 (Florida Minimum Wage) = $138.06 owed per week x 52 weeks worked= $7,179.12

January 1, 2013 to December 31, 2013: 18 hours per week x $7.79 (Florida Minimum Wage) = $140.22 owed per week x 52 weeks worked= $7,291.44

January 1, 2014 to December 31, 2014: 18 hours per week x $7.93 (Florida Minimum Wage)= $142.74 owed per week x 52 weeks worked= $7,422.48.

Page 4

Unpaid wages sought for Kandi Wilson: $ 30,278.52

Total unpaid wages Sought for named clients: $ 111,236.68

Since we have incomplete information for the remaining dancers and entertainers, this number will be used as an estimate for our remaining clients for whom we do not have records. Assuming that Bare Assets has an average of 60 dancers in a given week, and each dancer worked 25 hours, the dancers (as a class) worked a total of 1500 hours per week for which Rachel's failed to pay them proper minimum wages. Thus, the class damages are calculated as follows:

August 3, 2010 to December 31, 2010: 1500 hours per week x $7.25 (Florida Minimum Wage) = $10,875.00 owed per week x 20 weeks worked= $217,500.00

January 1, 2011 to May 31, 2011: 1500 hours per week x $7.25 (Florida Minimum Wage) = $10,875.00 owed per week x 21 weeks worked= $228,375.00

June 1, 2011 to December 31, 2011: 1500 hours per week x $7.31 (Florida Minimum Wage) = $10,965.00 owed per week x 31 weeks worked= $339,915.00

January 1, 2012 to December 31, 2012: 1500 hours per week x $7.67 (Florida Minimum Wage)= $11,505.00 owed per week x 52 weeks worked= $598,260.00

January 1, 2013 to December 31, 2013: 1500 hours per week x $7.79 (Florida Minimum Wage)= $11,685.00 owed per week x 52 weeks worked= $607,620.00

January 1, 2014 to December 31, 2014: 1500 hours per week x $7.93 (Florida Minimum Wage)= $11,895.00 owed per week x 52 weeks worked= $618,540.00

January 1, 2015 to May 31, 2015: 1500 hours per week x $8.05 (Florida Minimum Wage)= $12,075.00 owed per week x 21 weeks worked= $253,575.00

Unpaid wages Sought for class: $2,863,785.00

Thus, to resolve this matter, Bare Assets must pay $2,863,785.00 to the class of exotic dancers for these unpaid minimum wages. Further, any such tender must be accompanied by relevant pay and time records for each punitive class member, so that we may confirm that this is indeed adequate pay for the unpaid minimum wages owed.

Additionally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate,

Page 5

or discriminate against our clients, we will pursue a claim for retaliation pursuant to Florida Statute §448.110(5).

   Although we believe this pre-suit requirement to be unconstitutional, this notice is sent pursuant to Florida Statute § 448.110(6). You have fifteen (15) calendar days from receipt of this notice to tender the amounts above and provide the relevant documentation demanded to the undersigned.

                Sincerely,

                ROETZEL & ANDRESS, LPA

                Jack C. Morgan III

JCMlc

9633852_1